## PECSOK v CLEVELAND TRUST CO.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17644.   Decided June 10, 1940.

William B. Pecsok, Cleveland, for plaintiff-appellant.

James Metzenbaum, Cleveland, for defendant-appellee.

**OPINION**

By MORGAN, J.

In his petition, plaintiff stated that he is the owner of an apartment house at 10820-22 Carnegie Avenue, Cleveland, Ohio, being sublots Nos. 1 and 2 of a subdivision shown by a recorded plat. Defendant, The Cleveland Trust Com-

pany, is the owner of sublot No. 3 in the same subdivision.

The petition seeks general relief and particularly to enjoin and restrain the defendant from building a structure for business purposes on said sublot No. 3.

The conceded facts are that on April 5, 1916, The Cleveland Trust Company, then the owner of the entire parcel of land in question, duly recorded a re-subdivision having a frontage of approximately 312 feet at the easterly end of Carnegie Avenue, which was divided into six sublots numbered one to six inclusive. Each of the said sublots was sold by The Cleveland Trust Company with the following covenant in each deed for the benefit of every other lot in the block.

"The Grantee accepts the following premises subject to the following covenants and restrictions which have run with the land, viz., said premises shall be used for residential purposes only, not excluding apartment houses nor garages in the rear."

A large apartment house was constructed on sublots No. 5 and No. 6, sublot No. 4 being lanscaped and the predecessor of plaintiff in title constructed a large apartment house on sublots No. 1 and 2. This left unused and vacant only sublot No. 3.

The principal defense in this case is res adjudicata.

The defense is based on the following facts. In the spring of 1929 the then owner of sublot 3, one Pauley, caused to be constructed a large billboard on said sublot which has been maintained to the present time. On March 6, 1930, the plaintiff in this action, then as now being the owner of sublots 1, and 2, and the apartment house thereon, filed suit against Pauley in Common Pleas Court of Cuyahoga County, seeking an injunction against the maintenance of said billboard as being in violation of the said restrictive covenant. The case went to trial and in the journal entry of the Common Pleas Court in the case it is stated:

"That by reason of the changes that have occurred in the immediate neighborhood of said premises and the development of the property in the immediate surrounding territory for business and commercial purposes that the restrictions as originally planned by the said The Cleveland Trust Company are of no further value and effect and not binding upon the said defendant, Kenneth H. Pauley, or his property.

The Court further finds that the defendant, Kenneth H. Pauley, had no notice whatsoever of said restrictions or of any general plan of development at the time he acquired title to said premises, and said restrictions as contained in the deed recorded in Vol. 1799, page 144 of Cuyahoga County Records, purporting to affect the property of the said defendant, have no longer any force or effect and are not binding upon the said defendant."

No appeal was taken from this judgment.

The Cleveland Trust Company purchased sublot No. 3 on February 8, 1932. The tenant of sublot No. 3, with the consent of the owner, proposes to build a small store-room for business in front of and underneath the billboard, the construction of which the plaintiff in this action seeks to enjoin.

It is our opinion that the question involved in this litigation has been adjudicated in the former case of Pecsok v Pauley et, and that the finding and order of the Court of Common Pleas in that case is determinative of the issues in this case.

The Cleveland Trust Company as present owner of sublot No. 3 succeeds to all of the rights of Pauley, and the plaintiff has no greater right in the premises by reason of the fact that The Cleveland Trust Company originally divided and recorded this subdivision. This rule likewise is not changed

642

by evidence of damages ▮▮▮▮▮ which may be caused to plaintiff's property by reason of the maintenance of the billboard and the construction of the small storeroom complained of in this case.

The judgment is affirmed.

TERRELL, PJ. & LIEGHLEY, J., concur.